

# Notice of Service of Process

**PXM / ALL**
**Transmittal Number: 25612429**
**Date Processed: 09/24/2022**

| | |
|---|---|
| Primary Contact: | Lynn DeFino<br>Principal Financial Group (Main - Transaction Only)<br>711 High St<br>Des Moines, IA 50392-0001 |

| | |
|---|---|
| Entity: | Principal Life Insurance Company<br>Entity ID Number 2345928 |
| Entity Served: | Principal Life Insurance Company |
| Title of Action: | Cynthia Werths vs. Principal Life Insurance Co |
| Matter Name/ID: | Cynthia Werths vs. Principal Life Insurance Co (12986243) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Pettis County Circuit Court, MO |
| Case/Reference No: | 22PT-CC00115 |
| Jurisdiction Served: | Missouri |
| Date Served on CSC: | 09/23/2022 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | The Accurso Law Firm<br>816-561-3900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com



# IN THE 18TH JUDICIAL CIRCUIT, PETTIS COUNTY, MISSOURI

| Judge or Division:<br>ROBERT L. KOFFMAN | Case Number: 22PT-CC00115 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CYNTHIA WERTHS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LOUIS CARL ACCURSO<br>4646 ROANOKE PKY<br>KANSAS CITY, MO 64112-1227 | |
| Defendant/Respondent:<br>PRINCIPAL LIFE INSURANCE COMPANY | Court Address:<br>415 SOUTH OHIO<br>SEDALIA, MO 65301 | |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **PRINCIPAL LIFE INSURANCE COMPANY**
Alias:
**CSC-LAWYERS INCORPORATING
221 BOLIVAR ST
JEFFERSON CITY, MO 65101**

**COURT SEAL OF**

**PETTIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____8/26/2022_____     _Susan Sadler, Circuit Clerk by: /s/ Missy Harlow_
Date                                             Clerk
Further Information:

### Sheriff's or Server's Return
**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____     _____
                          Date                         Notary Public

**Sheriff's Fees, if applicable**
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge           $___10.00___
Mileage                          $_____ (_____ miles @ $_____ per mile)
**Total**                        $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-236   1 of 1 (22PT-CC00115)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:22-cv-04152-WJE   Document 1-1   Filed 10/20/22   Page 2 of 13

IN THE CIRCUIT COURT OF PETTIS COUNTY, MISSOURI

| | |
|---|---|
| **CYNTHIA WERTHS** <br> 1533 N. Hedge Apple Dr <br> Sedalia, MO 65301 <br><br> **Plaintiff,** <br><br> v. <br><br> **PRINCIPAL LIFE INSURANCE CO.** <br> Serve Agent: Corporation Service Co. <br> 221 Bolivar St <br> Jefferson City, MO 65101 <br><br> and <br><br> **INTER-STATE STUDIO & PUBLISHING CO.** <br> Serve Agent: National Registered Agents, Inc <br> 120 S. Central Ave <br> Clayton, MO 63105 <br> **Defendants.** | Case No.: <br><br> Division: |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Cynthia Werths, by and through her undersigned counsel, and for her Petition against Defendants Principal Life Insurance Co. and Inter-State Studio & Publishing Co. and states and alleges as follows:

**I.    STATEMENT OF PARTIES AND JURISDICTION**

1. Plaintiff Cynthia Werths is a citizen of the state of Missouri and an individual who resides at 1533 N. Hedge Apple Drive, Sedalia, Missouri 65301.

2. Defendant Principal Life Insurance Co. ("Principal") is, and at all times hereinafter referred to was, an Iowa general for-profit business, registered to do business in Missouri, upon which service may be obtained through its resident agent at the address set forth above. Principal and Plaintiff, Cynthia Werths, entered into a contract for life insurance on her spouse, David Werths.

Electronically Filed - Circuit Division Pettis - August 26, 2022 - 03:40 PM

3. Defendant Inter-State Studio & Publishing Co. ("Inter-State") is, and at all times hereinafter referred to was, a Missouri general for-profit business upon which service may be obtained through its resident agent at the address set forth above. Inter-State Studio employed Plaintiff and her deceased husband and provided the Principal life insurance plans as employee benefits.

4. Venue and Jurisdiction are proper in this Court under R.S.Mo. §506.500 because Inter-State has its principal place of business in Pettis County, Missouri and the contract between Plaintiff and Principal was entered into in Pettis County, Missouri, and performed in Pettis County, Missouri.

5. Inter-State is a necessary and proper party to the dispute over its company life insurance benefits. Inter-State had an obligation to properly handle HR matters, eligibility, and enrollment in such benefit plans to make sure the life insurance policies with Principal were properly effectuated (i.e. converted from prior USAble plans), opened/enrolled and that Plaintiff met (or did not meet) basic eligibility requirements for the plans. Inter-State effectuated Plaintiff's enrollment process in the plans through direction of their HR department and by having Plaintiff use the company's internal paycom system sign for and enroll in the plans and/or policies. Plaintiff used Inter-State's paycom system to sign for and enroll the Principal policies at issue. Inter-State was also responsible for pulling portions of payroll/salary out of Plaintiff's income for payment of premiums for the subject life insurance plans. Inter-State's HR department was tasked with handling basic administrative tasks associated with getting the plan properly opened on behalf of its employees.

6. Plaintiff Cynthia Werths and her husband were both loyal employees of Inter-State Studio. David Werths had worked there 20 years and Cynthia has worked there 24 years. Both

Cynthia and her husband participated in employee benefits and life insurance plans offered to them by Inter-State such as traditional term life insurance and the spousal insurance plans at issue in this petition.

7. Plaintiff enrolled in a *Spouse Voluntary Term Life insurance policy* ($40,000 death benefit) and a *Dependent life insurance policy* ($5,000 death benefit) in regard to her spouse, David Werths. She dutifully paid premiums for both policies which were collected by Inter-State and sent to Principal over a period of 7.5 years. At no point while collecting premiums did Principal raise an issue with Plaintiff's husbands' eligibility or the status of the policies. When Plaintiff enrolled in the offered plans and/or policies and filled out and signed for them, there was no indication from Inter-State or Principal that there were eligibility issues concerning David. At no point in 7.5 years did Defendants advise or stop Plaintiff from paying premiums for the life insurance plans or raise eligibility concerns.

8. On January 22, 2022 David Werths died unexpectedly of COVID-19. Cynthia was required to take him off a ventilator which was an extremely traumatic experience. When Cynthia sought the death benefits under the spousal life insurance policies mentioned herein, Principal mailed her a check for $45,000 in March of 2022. This amount constituted the full-face value benefits of both the life insurance contracts at issue. Days later, Principal contacted the HR department at Inter-State and asked if the check had been deposited. They then instructed Inter-State to tell Plaintiff not to deposit the check as they had issued a stop payment. Cynthia was shocked to learn that Principal had taken the position that David was not eligible under the policies because he was also a longtime employee at Inter-State Studio. She soon received a check from Principal which allegedly represented reimbursement of her premium payments. The amount in that check raised more questions than it answered.

9. It should be noted that prior to Principal taking over the Inter-State benefit plans in 2013, the Plaintiff had the same spousal life insurance plans with Hartford (7/1/2009) then USAble (7/1/2011) as employee benefits options. When Principal took over these plans from USAble, Inter-State Studio told the Werths that the plans would roll over and convert to Principal. This was a continuation of coverage based on the Werths understanding and they were entering into new Principal agreements as a continuation of that prior coverage. When the Werths enrolled for their Principal plans and benefits, they did so using Inter-State Studio's paycom system (online payroll / benefits management system) at the direction of Inter-State Studio's HR department via Glenda Hopper and HR manager Steve Craighead.

10. Inter-State Studio's HR department appealed Principal's denial decision in or around March of 2022 on behalf of Plaintiff and that appeal was denied by Principal in April of 2022. In June of 2022, Cynthia hired a local attorney in her hometown, Myron McNeal, to write a letter to Principal demanding payment of the benefits under the policy. At the time of this petition being drafted, Principal has still not formally changed their position. Nearly 4 months have passed since the initial denial of coverage. Defendants have been given numerous opportunities to do the right thing here.

11. Had Plaintiff timely known that the Principal spousal life insurance policies would be considered null and void by Principal, they could have obtained other similar life insurance coverage from another insurance company. They relied on their understanding that they had insurance in place and were paying premiums for that insurance for multiple years without any issue or notice from Principal or Inter-State.

## COUNT I – BREACH OF CONTRACT
### (Plaintiff v. All Defendants)

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count I of its Petition against Defendants states as follows:

12. To the extent they do not conflict with the allegations contained in this count, Plaintiff incorporates all other allegations of this Petition as if more fully set forth herein.

13. On July 1, 2013, Plaintiff, through her employer Inter-State, entered into a *Spouse Voluntary Term Life insurance policy* and a *Dependent life insurance policy* with Principal whereby Defendants agreed to provide spousal life insurance benefits to Plaintiff.

14. Under the policies Plaintiff purchased, her husband, David Werths, would be listed as a dependent, along with her two children, Jason Lamb and Kelli Lamb.

15. At the time Plaintiff entered into the Contract with Principal, her husband was also employed by Inter-State.

16. Pursuant to the life insurance contracts, Principal would pay out $45,000 for the *Spouse Voluntary Term Life insurance policy* ($40,000 death benefit) and the *Dependent life insurance policy* ($5,000 death benefit) in the event of a death of a dependent, which her husband was listed as.

17. Pursuant to the contracts, Plaintiff made all premium payments due on life insurance from the time the contracts were entered into, and all premiums were collected by Principal. This went on for around 7.5 years with no notice or issues raised by Principal or Inter-State.

18. On January 22, 2022, David Werths passed away at Western Missouri Medical Center in Warrensburg, MO.

19. When Plaintiff attempted to collect on the life insurance associated with her husband, Principal denied the claim, saying that he did not qualify to be covered under the policy since he was also an employee of Inter-State.

20. Plaintiff was unable to purchase any other life insurance due to Principal's failure to inform her or her husband that Mr. Werths did not qualify as dependent merely due to being an employee of the same company.

21. Despite Plaintiff making all payments as required by the contracts, and without prior notice that her husband did not qualify as a dependent, Principal has not honored its contracts of insurance with Plaintiff. Instead, Defendant has opted to *allegedly* repay all premiums previously paid for 7.5 years and declare there is no coverage. It is unclear if the amount sent by Principal actually constitutes reimbursement of all premiums paid over nearly 8 years. Further, if these are premiums reimbursed on voided contracts of insurance, where are the premiums for David's dependent / spousal policies on Cynthia Werths? David had identical policies on Cynthia just as she had policies on him. Under Principal's logic, those contracts and coverage are null and void too because she would be an employee of the same company yet Principle didn't reimburse 7.5 years of David's premiums for that same type of spousal life insurance coverage? This is despicable behavior by a life insurance company any way you look at it.

22. Under Missouri law, "[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010). All elements are met here in this petition for a breach of contract.

23. Principal has failed and refused to pay the insurance claim of $45,000 resulting in the accrual of interest and attorneys' fees that Plaintiff is entitled to collect pursuant to the Contract. This denial of coverage and continued refusal to make payment is not only done in bad faith, but is vexatious in nature.

24. Pursuant to Missouri Revised Statute §375.420, Plaintiff will seek not only breach of contract damages, but also vexatious refusal to pay penalties, a reasonable attorney's fee, all interest and all statutory court costs provided for under this statute.

25. Principal's failure and refusal to pay the insurance claim after collecting premiums for years on end is a clear breach of the contract. They have not reimbursed Plaintiff for additional premiums that would be applicable under their denial at issue here for David's separate spousal life insurance which he paid premiums on for many years. When Principle tried to "make Plaintiff whole" they failed at that too as they had been collecting premiums on David's Dependent Spouse policy taken out on Cynthia which is also apparently null and void based on her status as an Inter-State employee. In sum, the Plaintiff is owed additional premiums that have not been re-imbursed and non-contractual damages here as a result of the way Principal chose to hand this situation to save a mere $45,000 at the expense of its long-time insureds.

WHEREFORE Plaintiff Werths prays this Court enter judgment against Defendants Principal and Inter-State for a fair and reasonable some plus §375.420 vexatious refusal penalties by way of all attorneys' fees, costs and expenses incurred by Plaintiff herein, and for such other and further relief as this Court deems just and proper.

## COUNT II – PROMISSORY ESTOPPEL
(Plaintiff v. All Defendants)

COMES NOW Plaintiff, by and through its undersigned counsel, and for Count II of its Petition against Defendants states as follows:

26. To the extent they do not conflict with the allegations contained in this count, Plaintiff incorporates all other allegations of this Petition as if more fully set forth herein.

27. Plaintiff was presented with the life insurance contracts by Defendants with Principal specifically promising life insurance in exchange for required premium payments on the insurance policies. Those payments were made for 7.5 years and Plaintiff relied on the representations of Defendants and the fact that she had been paying premiums for coverage long-term. There was a clean expectation of coverage created here by Defendants.

28. At the request and direction of Defendants, Plaintiff made all required premium payments on the insurance policies.

29. Defendants acknowledged and accepted Plaintiff's premium payments on the life insurance contracts for many years knowing that Plaintiff would rely on the policies being in full force and effect.

30. Based on the parties' execution of the contracts for life insurance, Plaintiff reasonably relied upon the representations, actions, and promise of Defendants as could reasonably be expected.

31. Defendants should have reasonably expected that the promise would induce action or forbearance of a definite and substantial character on the part of Plaintiff.

32. Plaintiff never acquired alternative spousal life insurance policies as she was under the impression Principal would deliver its promised insurance payout.

33. As a direct and proximate result of the failure of Principal to honor and perform the promises, Plaintiff had no spousal life insurance benefits available when her husband died to assist her and her children with her husband's income loss to household.

34. Despite repeated demands (and formal legal requests) from Plaintiff for payment of the $45,000 face value of the life insurance benefits, Principal has failed and refused to pay Plaintiff the same as promised.

35. Principal will substantially and detrimentally harm Plaintiff if it is not required to pay Plaintiff the fair and reasonable value she detrimentally relied on thereof.

36. A refusal by the Court to enforce the terms of the contracts, including Principal's promises to provide life insurance upon Plaintiff's husband's death in good faith, will result in injustice, thereby causing significant damage to Plaintiff.

37. As a direct result of Principal's failure and refusal to honor the contracts, Plaintiff was required to pay for costs she was unprepared for and suffered undue emotional distress.

38. By reason of all the aforesaid, Plaintiff is entitled to an injunction directing the performance of the promises against Principal in the principal amount of $45,000, plus its costs, and expenses incurred herein.

39. In addition to the claim for injunctive relief, or in alternative thereto, Plaintiff is also entitled to recover the damages arising from the failure of Principal to honor or perform the promise.

WHEREFORE Plaintiff Werths prays this Court enter judgment against Defendants Principal and Inter-State for a fair and reasonable sum and for such other and further relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE
### (Plaintiff v. Inter-State Studio)

40.     To the extent they do not conflict with the allegations contained in this count, Plaintiff incorporates all other allegations of this Petition as if more fully set forth herein.

41.     Defendant Inter-State owed a duty to exercise reasonable care, caution and give attention and administrative oversight to its employees' enrollment and applications for employee benefits plans such as life insurance within their company.

42.     Inter-State, as employer offering the life insurance benefits, had a duty to make sure its paycom system was collecting employee applications and enrollment information (such as eligibility criteria) accurately and thoroughly while also properly relaying that information to Principal and the Inter-State HR personnel.

43.     Inter-State HR had a duty to exercise ordinary care and review, check and oversee employee enrollment and applications for employee polices to make sure that basic eligibility requirements were met. If a spouse being an employee of the same company rendered spousal / dependent life insurance policies null and void, Inter-State had a duty to check and/or review these enrollments to make sure that employees signing up for policies met Principal's basic eligibility requirements. This was not done here in Plaintiff's situation.

44.     Inter-State breached its duty to Plaintiff and other employees by not properly overseeing employee's life insurance applications to make sure that co-employee spouses listed as dependents did not conflict with terms of the policy language for eligibility.

45.     Inter-State breached its duty to Plaintiff and other employees by not properly checking with Principal to make sure that all employee life insurance policies and dependents were properly enrolled and all eligibility requirements were followed and/or conveyed to the employees at the time of enrollment.

WHEREFORE Plaintiff Werths prays this Court enter judgment against Defendant Inter-State for a fair and reasonable sum and for such other and further relief as this Court deems just and proper.

Respectfully Submitted:

THE ACCURSO LAW FIRM
A Professional Corporation

/s/ Louis C. Accurso
Louis C. Accurso     #29827
Burton S. Haigh      #49259
4646 Roanoke Parkway
Kansas City, Missouri 64112
Telephone: (816) 561-3900
Facsimile: (816) 561-2992
bhaigh@accursolaw.com

ATTORNEYS FOR PLAINTIFF